IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kyle Jordan Smith, | ) | Case No.: 4:25-cv-12553-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| Super Ego Holdings, LLC, MHC | ) | |
| Kenworth and Affiliates, Rex | ) | |
| Trucking, Crena Logistics, Euro | ) | |
| Freight Services, Southern Pride | ) | |
| Towing, Chris 24/7 Towing, John | ) | |
| Does, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). (DE 17.) In the Report, the Magistrate Judge recommends that the Court dismiss this action without prejudice and without issuance and service of process because the Court lacks subject matter jurisdiction over Plaintiff's claims.[1] (DE 17.)

A. Background

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff, proceeding pro se and in forma pauperis, filed this civil action on September 15, 2025, asserting claims arising from alleged disputes concerning the leasing, repair, and repossession of two commercial trucks. (DE 1; DE 10.) After reviewing Plaintiff's initial filings, the Magistrate Judge issued a proper form order identifying deficiencies in the complaint and affording Plaintiff an opportunity to amend. (DE 7.) Plaintiff thereafter filed an Amended Complaint. (DE 10.) After that, the Magistrate Judge conducted an initial review of the Amended Complaint under 28 U.S.C. § 1915.

B.    Report and Recommendation

On October 14, 2025, the Magistrate Judge issued a Report and Recommendation recommending that this action be summarily dismissed without prejudice and without issuance and service of process because Plaintiff failed to establish a basis for federal subject matter jurisdiction. (DE 17 at 10.) The Magistrate Judge also recommended that any pending motions be deemed moot. (DE 17 at 10.)

To begin with, the Magistrate Judge noted that Plaintiff alleges he operates under the entity name "Mary Lois Charities," but that the truck leases attached to the Amended Complaint identify Mary Lois Charities—not Plaintiff individually—as the lessee. (DE 17 at 2.) The Magistrate Judge further noted that public records reflect Mary Lois Charities is a separate registered entity and that an artificial business entity may not appear pro se. (DE 17 at 2–3.) For that reason, the Magistrate Judge observed that Plaintiff appears to lack standing as to many of the contracts

2

involved, although the Report did not resolve at that stage which claims, if any, Plaintiff could pursue individually. (DE 17 at 3.)

The Magistrate Judge then explained that federal courts are courts of limited jurisdiction and must dismiss an action whenever subject matter jurisdiction is lacking. (DE 17 at 3–4.) Turning first to diversity jurisdiction under 28 U.S.C. § 1332, the Magistrate Judge found that Plaintiff failed to plead the citizenship of several defendants, including Super Ego Holdings LLC, Rex Trucking, Crena Logistics, Euro Freight Services, Southern Pride Towing, Christ 24/7, and the John Does. (DE 17 at 4.) The Magistrate Judge also explained that the citizenship of a limited liability company is determined by the citizenship of all of its members and that a corporation is deemed a citizen of both its state of incorporation and the state of its principal place of business. (DE 17 at 4.) Although Plaintiff failed to plead those facts, the Magistrate Judge observed that, based on Plaintiff's own allegations concerning events in South Carolina and the involvement of towing companies in South Carolina, it appeared that at least one Defendant may be a citizen of South Carolina, such that complete diversity would not exist. (DE 17 at 4.) The Magistrate Judge, therefore, concluded that Plaintiff failed to establish diversity jurisdiction. (DE 17 at 4.)

The Magistrate Judge next addressed federal question jurisdiction under 28 U.S.C. § 1331. (DE 17 at 5.) The Report noted that many of Plaintiff's asserted causes of action—such as bailment, breach of contract, breach of warranty, negligence, conversion, SCUTPA, and defamation—are state-law claims and, therefore, do not themselves supply federal question jurisdiction. (DE 17 at 5.) As to the federal claims

3

Plaintiff invoked, the Magistrate Judge concluded that the Amended Complaint failed to allege facts sufficient to state a cognizable federal claim. (DE 17 at 5–9.)

Specifically, the Magistrate Judge found that Plaintiff did not allege action under color of state law to support a claim under 42 U.S.C. § 1983. (DE 17 at 5.) The Magistrate Judge also found that Plaintiff failed to allege facts sufficient to support a civil RICO claim, including a pattern of racketeering activity or a distinct enterprise. (DE 17 at 5–7.) As to Plaintiff's ADA theory, the Magistrate Judge found that Plaintiff failed to plead a qualifying disability, identify a public entity, or allege facts bringing his allegations within the scope of the ADA. (DE 17 at 7.) The Magistrate Judge also found that Plaintiff's reliance on 18 U.S.C. §§ 249 and 1503 was insufficient because those criminal statutes do not provide a private right of action. (DE 17 at 7–8.) In addition, the Magistrate Judge liberally construed the Amended Complaint as attempting to assert a Fair Labor Standards Act claim, but concluded that Plaintiff failed to identify which Defendant was involved, what FLSA theory he intended to pursue, or facts sufficient to satisfy Rule 8. (DE 17 at 8–9.)

Based on those deficiencies, the Magistrate Judge concluded that Plaintiff failed to establish subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332 and recommended dismissal without prejudice and without issuance and service of process. (DE 17 at 9–10.)

C.    Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to

further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Thomas v. Arn, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

D.    Plaintiff's Objection

Plaintiff filed a timely objection to the Report. (DE 19.) Liberally construed, Plaintiff objects on six grounds: (1) the Amended Complaint satisfies the plausibility standard; (2) diversity and federal question jurisdiction exist; (3) only three defendants remain and Mary Lois Charities is merely "non-party context"; (4) dismissal before service was improper; (5) he is entitled to emergency relief under Rule 65(b) and whistleblower protection; and (6) if dismissal is otherwise warranted, he should be granted leave to amend one final time. (DE 19 at 1–5.)

First, Plaintiff argues that his pleading sets out dated, chronological facts and therefore satisfies Twombly, Iqbal, and Swierkiewicz.[2] (DE 19 at 2.) But the Report did not recommend dismissal for failure to satisfy Rule 8 in the abstract. Rather, the

---

[2]    See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Magistrate Judge concluded that Plaintiff failed to establish subject matter jurisdiction because the Amended Complaint does not adequately allege diversity jurisdiction and does not plead facts sufficient to state a cognizable federal claim under the statutes Plaintiff invokes. (DE 17 at 3–10.) Even accepting Plaintiff's factual allegations as true, the objection does not cure the jurisdictional deficiencies identified in the Report. (DE 17 at 4–9.)

Second, as to diversity jurisdiction, Plaintiff states that he is a citizen of South Carolina and asserts that only three defendants remain: Super Ego Holdings, LLC, MHC Kenworth, and PACCAR Inc. (DE 19 at 2–3.) But Plaintiff still identifies the LLC defendants only by reference to principal office, operations, or dealership locations, not by the citizenship of each of their members. (DE 19 at 2.) As the Report correctly explained, the citizenship of a limited liability company is determined by the citizenship of all of its members, and a corporation is deemed a citizen of both its state of incorporation and the state of its principal place of business. (DE 17 at 4.) Plaintiff's objection therefore still fails to establish complete diversity under 28 U.S.C. § 1332. Moreover, to the extent Plaintiff now attempts to narrow the case to three defendants, that assertion in the objection does not amend the Amended Complaint itself. See (DE 10; DE 19 at 3.)

Third, Plaintiff asserts that federal question jurisdiction exists under the Surface Transportation Assistance Act ("STAA"), the ADA, § 1983, and RICO. (DE 19 at 2.) But merely citing federal statutes does not establish jurisdiction. The Report correctly found that Plaintiff failed to allege facts supporting a cognizable claim under

6

§ 1983 because he did not allege action under color of state law; failed to allege facts sufficient to support a civil RICO claim, including a pattern of racketeering activity or a distinct enterprise; and failed to plead a qualifying disability, a public entity, or facts bringing his allegations within the scope of the ADA. (DE 17 at 5–7.) Plaintiff's objection does not meaningfully address those deficiencies. Nor does the objection cure the absence of factual allegations showing a plausible STAA claim as to any named defendant. Instead, it adds only a conclusory reference to that statute. (DE 19 at 2, 4.) Such conclusory invocation of federal law is insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331. (DE 17 at 5–9.)

Fourth, Plaintiff contends that "only three defendants remain" and that all other previously named defendants serve only as evidence supporting RICO and retaliation claims, while Mary Lois Charities is "non-party context only." (DE 19 at 3.) This objection does not undermine the Report. The Magistrate Judge's standing discussion was based on Plaintiff's own allegations and the lease documents attached to the Amended Complaint, which identified Mary Lois Charities as the lessee on contracts at the heart of this dispute. (DE 17 at 2–3.) The objection does not alter those underlying allegations or documents. And again, statements in an objection do not amend the operative pleading. In any event, even assuming Plaintiff intended to proceed only against three defendants, he still has not established subject matter jurisdiction.

Fifth, Plaintiff argues that pre-service dismissal was improper and that, because he proceeds in forma pauperis, he should receive U.S. Marshal service before

dismissal. (DE 19 at 3.) That objection lacks merit. Under 28 U.S.C. § 1915, the Court must dismiss an action at any time if it determines, among other things, that the action fails to state a claim on which relief may be granted or that the Court lacks jurisdiction. (DE 17 at 1–2, 3–4.) The Court is also independently obligated to examine its subject matter jurisdiction and dismiss the action if jurisdiction is lacking. (DE 17 at 3–4.) Service is therefore not required before dismissal where the Court lacks subject matter jurisdiction.

Sixth, Plaintiff seeks emergency relief under Rule 65(b), citing alleged vehicle tampering, loss of income, threats, and whistleblower protection under 49 U.S.C. § 31105 and 18 U.S.C. § 1513. (DE 19 at 3–4.) But the Court cannot grant substantive relief where subject matter jurisdiction has not been established. See (DE 17 at 3–4, 9–10.) In addition, Plaintiff's reliance on 18 U.S.C. § 1513 fares no better than his reliance on the other criminal statutes discussed in the Report because criminal statutes generally do not create a private right of action. (DE 17 at 7–8.) And his request for "temporary monetary relief" under Rule 65(b) does not provide an independent basis for jurisdiction. Because Plaintiff has not established a viable federal claim or another basis for subject matter jurisdiction, the request for emergency relief is due to be denied.

Finally, Plaintiff asks, in the alternative, for leave to amend one more time before service. (DE 19 at 1, 5.) The Court has considered that request but declines to grant further leave. Plaintiff was previously advised of deficiencies in his original complaint and given an opportunity to amend. (DE 7; DE 17 at 2.) He then filed an

8

Amended Complaint, yet the jurisdictional defects remained. (DE 10; DE 17 at 2–10.) Plaintiff's objection largely reiterates conclusory assertions of jurisdiction and adds new legal labels without supplying the facts necessary to cure the deficiencies identified in the Report. Under these circumstances, further amendment would be futile.

After de novo review of those portions of the Report to which Plaintiff specifically objected, the Court agrees with the Magistrate Judge that Plaintiff has failed to establish subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. The objections are therefore overruled.

E.    Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 17) in its entirety and incorporates it herein by reference. The Court further concludes that Plaintiff's objections (DE 19) fail to cure the jurisdictional deficiencies identified in the Report and are therefore OVERRULED. The Court finds that Plaintiff has failed to establish a basis for federal subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process.

It is further ORDERED that any pending motions are DENIED AS MOOT. To the extent Plaintiff requests further leave to amend, that request is DENIED.

9

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 10, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.